CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

FEB 19 2019

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANTONIO LUNSFORD, | ) | Civil Action No. 7:18-cv-00038 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Hon. Jackson L. Kiser |
| WYTHE CTY. SHERIFF, et al., | ) | Senior United States District Judge |
| Defendants. | ) | |

Antonio Lunsford, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983.[1] The matter before the court is the motion to dismiss filed by Defendants Superintendent Winston, Dr. Moses, Lisa Ferguson,[2] and the Medical Department.

**I.**

In Plaintiff's amended complaint, he asserts that his Eighth Amendment rights were violated by improper medical treatment[3] and unsafe living conditions.[4] The Defendants moved to dismiss, asserting that Plaintiff failed to allege their personal involvement. Plaintiff responded, and Defendants filed a reply, making this matter ripe for disposition. After reviewing the record, I will grant Defendants' motion to dismiss.

---

[1] I omit internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. See United States v. Marshall, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

[2] Plaintiff misspelled Ferguson's name as "Furguson" in his complaint. I use the correct spelling in this opinion.

[3] Plaintiff alleges that he needed a CPAP machine and he suffered breathing problems and respiratory issues. (Am. Compl. 2 [ECF No. 9]).

[4] His contentions of unconstitutional living conditions include: plumbing problems, standing water, fires without alarms sounding, black mold, chemical use without proper ventilation, roaches, and kitchen sewer water backing up into cells. (Am. Compl. 2.)

## II. Standards of Review

### A. 12(b)(6) Motion to Dismiss

Defendants argue that the complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

A complaint need only contain "a short, plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must accept as true all well-pleaded allegations. See Vitol, S.A. v. Primerose Shipping Co., 708 F.3d 527, 539 (4th Cir. 2013); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Stated differently, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). "Factual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555, with all allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, Chao v. Rivendell Woods, Inc., 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Making the plausibility determination is "a context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

### B. Pro Se Pleadings

The plaintiff is proceeding pro se and, thus, entitled to a liberal construction of the pleading. See, e.g., Erickson, 551 U.S. at 90-95. However, "principles requiring generous construction of pro se complaints are not . . . without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The Fourth Circuit has explained that "though pro se litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." Id. at 1276; see Kalderon v. Finkelstein, No. 08 Civ 9440, 2010 WL 3359473, at *1 n.1 (S.D.N.Y. Aug. 24, 2010) ("Plaintiff's complaint belongs to the everything-but-the-kitchen sink school of thought." "The complaint is extremely difficult to follow because of its extreme length and purported factual detail. The factual allegations are often repetitive, inconsistent, and contradicted by documents referenced in the complaint.").

### C. 42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Notably, a plaintiff must sufficiently allege a defendant's personal act or omission leading to a deprivation of a federal right. See Fisher v. Wash. Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). Negligent deprivations are not actionable under § 1983. See, e.g., Daniels v. Williams, 474 U.S. 327, 330 (1986); Pink v. Lester, 52 F.3d 73, 77 (4th Cir. 1995).

## III. Discussion

In his amended complaint, Plaintiff does not allege personal involvement on behalf of any defendant. In fact, he only mentions Defendants in the case caption. Although a complaint need only provide "a short, plain statement of the claim showing that the pleader is entitled to relief," Plaintiff fails to allege any claim against any defendant that would entitle him to relief under § 1983. See Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) ("While a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff is required to allege facts that support a claim for relief.").[5] Therefore, I will grant the motion to dismiss.[6]

## IV.

For the foregoing reasons, I will grant Defendants' motion to dismiss.

The clerk is directed to send a copy of this memorandum opinion and accompanying order to the parties.

ENTERED this 19th day of February, 2019.

SENIOR UNITED STATES DISTRICT JUDGE

---

[5] I also note that the Medical Department is not a "person" subject to suit under § 1983. See, e.g., Barley v. New River Valley Reg'l Jail Med. Dep't, No. 7:16cv00280, 2017 WL 888367, at *2 (W.D. Va. March 6, 2017) ("Because a medical department is not a legal entity, it is not a 'person' subject to suit under § 1983."); Layman v. Med. New River Valley Reg'l Jail, No. 7:18CV001842018, 2018 U.S. Dist. LEXIS 99933, at *1-2 (W.D. Va. June 14, 2018) ("Neither the jail nor its medical department, however, is a 'person' subject to suit under § 1983.").

[6] To the extent Plaintiff attempts to amend his complaint by addressing its deficiencies in his response, it is not appropriate to amend a complaint through briefing. See Barclay White Skanska, Inc. v. Battelle Memorial Institute, 262 F. App'x 556, 563 (4th Cir. 2008). Even though he is a pro se litigant, he was aware of the amendment procedure considering he amended his complaint once before in this case. See ECF No. 9. Regardless, the new allegations in his response to the motion to dismiss would also fail to state a claim because he does not allege any non-conclusory facts demonstrating that Defendants were deliberately indifferent or aware of any unsafe conditions.