CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

FEB 19 2019

JULIA C. DUDLEY, CLERK
BY: _____
            DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| ANTONIO LUNSFORD, | ) | Civil Action No. 7:18-cv-00038 |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **v.** | ) | |
| | ) | By: Hon. Jackson L. Kiser |
| WYTHE CTY. SHERIFF, <u>et al.</u>, | ) | Senior United States District Judge |
| **Defendants.** | ) | |

Antonio Lunsford, a Virginia inmate proceeding <u>pro se</u>, filed a civil rights action pursuant to 42 U.S.C. § 1983.[1] The matter before the court is the motion to dismiss filed by Defendant Wythe County Sheriff.

### I.

In Plaintiff's amended complaint, he asserts that his Eighth Amendment rights were violated by improper medical treatment and unsafe living conditions. Defendant moved to dismiss, asserting that Plaintiff failed to allege personal involvement. Plaintiff responded, and Defendant filed a reply, making this matter ripe for disposition. After reviewing the record, I will grant Defendant's motion to dismiss.

### II.      Standards of Review

### A.  Rule 12(b)(1)

Defendant asserts that the complaint lacks subject matter jurisdiction. Under Rule 12(b)(1), if a court determines that it does not have subject matter jurisdiction over the case or controversy, it must dismiss the action. <u>See Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 514 (2006). The Eleventh Amendment affords sovereign immunity to the states against suits for damages in

---

[1] I omit internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. <u>See</u> <u>United States v. Marshall</u>, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

federal court.  See Bland v. Roberts, 730 F.3d 368, 389 (4th Cir. 2013).  A finding of sovereign immunity precludes federal courts from exercising subject matter jurisdiction.  Hendy v. Bello, 555 F. App'x 224, 226 (4th Cir. 2014).  A suit against a government officer in his official capacity is considered "a suit against the official's office," and so officers acting within their authority generally also receive sovereign immunity.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

## B. Rule 12(b)(6)

Defendant also argues that the complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

A complaint need only contain "a short, plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must accept as true all well-pleaded allegations.  See Vitol, S.A. v. Primerose Shipping Co., 708 F.3d 527, 539 (4th Cir. 2013); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Stated differently, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000).  "Factual allegations must be enough to

raise a right to relief above the speculative level," Twombly, 550 U.S. at 555, with all allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, Chao v. Rivendell Woods, Inc., 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

### C. Pro Se Pleadings

The plaintiff is proceeding pro se and, thus, entitled to a liberal construction of the pleading. See, e.g., Erickson, 551 U.S. at 90-95. However, "principles requiring generous construction of pro se complaints are not . . . without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The Fourth Circuit has explained that "though pro se litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." Id. at 1276; see Kalderon v. Finkelstein, No. 08 Civ 9440, 2010 WL 3359473, at *1 n.1 (S.D.N.Y. Aug. 24, 2010) ("Plaintiff's complaint belongs to the everything-but-the-kitchen sink school of thought." "The complaint is extremely difficult to follow because of its extreme length and purported factual detail. The factual allegations are often repetitive, inconsistent, and contradicted by documents referenced in the complaint.").

### D. 42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

3

Notably, a plaintiff must sufficiently allege a defendant's personal act or omission leading to a deprivation of a federal right. See Fisher v. Wash. Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). Negligent deprivations are not actionable under § 1983. See, e.g., Daniels v. Williams, 474 U.S. 327, 330 (1986); Pink v. Lester, 52 F.3d 73, 77 (4th Cir. 1995).

## III.   Discussion

### A.  Sovereign Immunity

Defendant argues that he is immune from suit in his official capacity. I agree. See Bland, 730 F.3d at 389 (sovereign immunity bars suits for damages in federal court); Will, 491 U.S. at 71 (sovereign immunity extends to state officials sued in their official capacity); Estate of Harvey v. Roanoke City Sheriff's Office, No. 7:06cv00603, 2007 WL 602091, at *3 (W.D. Va. Feb. 23, 2007) ("In Virginia, suits against a Sheriff or her deputies in their official capacities and suits against a Sheriff's Office are suits against the state" for Eleventh Amendment purposes.). Therefore, to any extent Plaintiff attempts to sue Defendant in his official capacity as Sheriff, or the Sheriff's Department as a whole, Defendant is entitled to sovereign immunity, and I will grant the motion to dismiss as to those claims pursuant to Rule 12(b)(1).

### B.  Personal Liability

In his amended complaint, Plaintiff states the following: (1) "improper medical treatment unfair cruel an[d] unusual punishment suffered for months without proper doctor treatment for conditions even after being hospitalized twice suffering breathing problems, resp[ira]tory"; (2) "unsafe living conditions plum[b]ing problems, water left standing, fires no alarms sounded. Black mold, chemicals being used without proper venting roaches all in kitchen sewer water backing up in cells an[d] kitchen"; and (3) "left to suffer without C-PAP machine therefore stop

4

breathing in sleep task force Wyth[e] Co. Sheriff broke without machine may more health problems and left still throwing up in sleep also high hernia nothing being done left in pain an[d] suffering." Am. Compl. 2, ECF No. 9.

Although a complaint need only provide "a short, plain statement of the claim showing that the pleader is entitled to relief," Plaintiff fails to allege any claims against any defendant that would entitle him to relief under § 1983. Fed. R. Civ. P. 8(a)(2); see Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) ("While a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff is required to allege facts that support a claim for relief."). Even if a broken C-PAP machine stated a constitutional injury, Plaintiff has not alleged facts demonstrating that Defendant's actions resulted in a broken machine. See Iqbal, 556 U.S. at 676 (stating that a [laintiff must plead facts demonstrating that a defendant's own, individual actions violated the Constitution.). He appears to assert that a member of the Wythe County Sheriff's task force broke his C-PAP machine. That allegation does not state a claim of personal liability against Defendant under § 1983. Therefore, Plaintiff fails to state a claim, and I will grant the motion to dismiss as to personal liability claims against Defendant.

### C. Supervisory Liability[2]

For supervisory liability, a plaintiff must allege facts demonstrating the three-pronged Shaw v. Stroud, 13 F.3d 791 (4th Cir. 1994) test:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit

---

[2] To any extent Plaintiff argues that Defendant failed to properly supervise his subordinates, the claim must fail because respondeat superior is not actionable via § 1983. See, e.g., Iqbal, 556 U.S. at 676.

authorization of the alleged offensive practices, and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Id. at 799. Plaintiff fails to allege that Defendant had any knowledge of a subordinate's conduct, that Defendant's response was deliberately indifferent, or that there was a causal link between Defendant's inaction and the constitutional injury. Instead, he merely states that a task force member broke his C-PAP machine and then he lists several issues regarding the conditions of his confinement. Therefore, Plaintiff fails to state a claim of supervisory liability under § 1983.[3]

## IV.

For the foregoing reasons, I will grant Defendants' motion to dismiss.[4]

---

[3] To the extent Plaintiff attempts to amend his complaint by addressing its deficiencies in his response, it is not appropriate to amend a complaint through briefing. See Barclay White Skanska, Inc. v. Battelle Memorial Institute, 262 F. App'x 556, 563 (4th Cir. 2008); Smart Wearable Techs. V. Fitbit, Inc., 274 F. Supp. 3d 371, n.3 (W.D. Va. 2017). Even though he is a pro se litigant, he was aware of the amendment procedure considering he amended his complaint once before in this case. [See ECF No. 9.] Regardless, the new allegations in his response to the motion to dismiss would also fail to state a claim because he does not allege any non-conclusory facts demonstrating that Defendant was deliberately indifferent or aware of any unsafe conditions. Specifically, Plaintiff provides:

> Sheriff Dunagan is the head supervisor, or oversee[s] the Wythe Co. Sheriff's Department who is also directly responsible for the housing of . . . inmates at the [jail]. Therefore not only directly but indirectly responsible for living conditions, food conditions, medical treatment, and . . . also the actions of his officers, and the Wythe Co. Sheriff's Office an[d] task force. Therefore he not only had direct but indirect actual or constructive knowledge of his subordinates conduct that posed a pervasive and unreasonable risk of constitutional injury.

Resp. to the Mot. to Dismiss 2, ECF No. 26. Plaintiff's "formulaic recitation of the elements of [his] cause of action will not [be taken as true.]" Twombly, 550 U.S. at 555. Thus, his new allegations fail to state a claim.

[4] In his amended complaint, Plaintiff also states: "will not return request forms and will not give me grievances on the matters spoke to Col. Bowman an[d] Lt. Underwood still will not return the paperwork from any department s[ince] filing 1983." (Am. Compl. 1.) First, to any extent Plaintiff alleges that medical request forms were not returned to him, he fails to state a cognizable § 1983 claim against Defendant because he does not allege facts demonstrating personal or supervisory liability. See Iqbal, 556 U.S. at 676; Shaw, 13 F.3d at 799. Second, Plaintiff is not entitled to have his grievances handled in any particular way, and officials refusing him grievances does not, by itself, implicate his constitutional rights. Booker v. S.C. Dep't of Corr., 855 F.3d 533, 542 (4th Cir. 2017) ("[I]nmates do not have a constitutional entitlement to and/or due process interest in accessing a grievance procedure").

The Clerk is directed to send a copy of this memorandum opinion and accompanying order to the parties.

**ENTERED** this 19th day of February, 2019.

SENIOR UNITED STATES DISTRICT JUDGE