CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 2 6 2019

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTONIO RICCO LUNSFORD, ) | |
| Plaintiff, ) | Civil Action No. 7:18cv00038 |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| WYTHE CTY. SHERIFF, et al., ) | By: Hon. Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |

In two separate orders on February 19, 2019, I granted Defendants' motions to dismiss [ECF Nos. 19, 22]. Lunsford v. Wythe Cty. Sheriff, No. 7:18cv00038, 2019 WL 693320 (W.D. Va. Feb. 19, 2019); Lunsford v. Wythe Cty. Sheriff, No. 7:18cv00038, 2019 WL 691787 (W.D. Va. Feb. 19, 2019). On March 21, 2019, Plaintiff, a Virginia inmate proceeding pro se, filed a motion for reconsideration [ECF No. 34], pursuant to Rule 59 and/or Rule 60 of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is **DENIED**.

A court may amend or alter a judgment under Rule 59(e) "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchison v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). This standard is narrowly construed, as a Rule 59(e) motion is "'an extraordinary remedy which should be used sparingly.'" Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1993) (quoting 11 Wright et al., Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)); see Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977) ("Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.").

Rule 60(b) allows a party to seek relief from a final civil judgment in a limited number of circumstances, including: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the

judgment is void; (5) the judgment has been satisfied; and (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). To obtain relief under Rule 60(b), a plaintiff must show four factors: (1) timeliness, (2) a meritorious defense; (3) a lack of unfair prejudice to the opposing party; and (4) exceptional circumstances. Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984).

Plaintiff does not assert anything remotely resembling a motion for reconsideration. His "motion" is a frivolous attempt to ask the court for a do-over and does not contain any of the allegations or argument required by the Federal Rules of Civil Procedure.[1]

Accordingly, the court **DENIES** the motion for reconsideration [ECF No. 34].

The Clerk is directed to send a copy of this order to the parties.

**ENTERED** this 26th day of March, 2019.

*/s/ Jackson L. Kiser*
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] In Plaintiff's motion, he states the following:

> I Antonio Lunsford comes now writ[]ing respectfully to ask for an appeal before the court on the civil action: No: 7:18-cv-00038 that was dismissed on Feb. 19th 2019 by Hon. Jackson L. Kiser Senior United States District Judge an[d] would also like to respectfully ask the court to place this case back on the active docket of the court at this time.

(Pl.'s Mot. Recons. 1.)

2